IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:19-cv-436 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| MERCY HEALTH ORGANIZATION ) | |
| d/b/a MERCY ) | |
| | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff, Sandra Saunders, by and through the undersigned attorney and, files herewith the instant Complaint. In support of the same, Plaintiff states as follows:

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000d et. seq. and § 2000e-2; 42 USC §1981; and 29 USC § 2601 et. seq.

2. Jurisdiction and venue are proper in this Court pursuant to 28 USC §§ 1331 and 1343.

3. Plaintiff, at all times relevant to this action, was a citizen of the State of Missouri and a resident of St. Louis County, Missouri.

### PARTIES

4. Plaintiff is an African-America female residing in St. Louis County.

5. She was employed by Mercy Health Organization, d/b/a Mercy at all relevant times mentioned herein.

6. At all times mentioned herein, Defendant maintained an office at 14528 South Outer Road, Suite 100, Chesterfield, Missouri 63017**.**

1

7. At all times relevant, Defendant employed more than Fifty (50) people.

## ADMINISTRATIVE REMEDIES EXHAUSTED

8. On about December 12, 2018, Plaintiff filed a Charge of Discrimination with U.S. Equal Employment Opportunity Commission ("EEOC"), along with the Missouri Commission on Human Rights.

9. The EEOC issued a right to sue letter, dated December 18, 2018.

10. This lawsuit was timely filed within (90) days of receipt of the afore-mentioned letter.

## FACTUAL ALLEGATIONS

11. Plaintiff is over the age of 40.

12. She was hired by Defendant in October 16, 2011, as a Patient Supervisor.

13. Plaintiff's immediate supervisor was Morgan Thorne, who is a white female.

14. Christi Dockum was the Director.  Dockum is a white female.

15. Plaintiff enjoyed satisfactory or above performance reviews during the course of her employment.

16. Plaintiff was treated differently than other employees because of her race, age, and because she took leave under the Family Medical Leave Act.

17. Race, age and the authorized use of medical leave were motivating factors in the decision to terminate Plaintiff.

18. There was no legitimate, non-discriminatory reason for terminating Plaintiff's employment.

## COUNT I
## RACE DISCRIMINATION
## 42 USC §1981 et. seq.
## 42 U.S.C. Section 2000(3) et. seq.
## Title VII of the Civil Rights Act of 1964 as amended.

Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 18 herein.

19. Plaintiff was the only African-America supervisor in her Department.

20. During the course of her employment, Plaintiff had seven (7) different managers.

21. Plaintiff satisfied the performance goals of each of the aforementioned managers prior to her termination as reflected on her performance evaluations.

22. Plaintiffs most recent manager was Morgan Thorne.

23. Thorne was not qualified for the position as noted by Christi Dockum and Robin Sumner.

24. Christi Dockum promised to meet weekly with supervisors to discuss any issues with Morgan Thorne in light of her lack of qualifications. Those meetings never took place despite Dockum's representations to the contrary.

25. Thorne conducted herself in a very unprofessional manner and would frequently discuss inappropriate matters during meetings.

26. Plaintiff expressed views and opinions related to diversity.

27. She was a vocal supporter of diversity throughout her employment with Defendant.

28. The organization was not receptive to Plaintiffs ideas regarding inclusion and recommendations regarding diversity. In fact,

29. Defendants perception was adversely impacted by Plaintiff's views and opinions on diversify in the workplace and her demonstrated efforts toward inclusion.

30. Defendant has a limited number of African-Americans in supervisory and/or managerial positions by design and has a history of terminating African-Americans supervisor and/or managers without cause and/or for discriminatory reasons.

31. Human resources establish diversity meetings within the organization.

32. Each supervisor, including Plaintiff, were asked to submit the names of individuals for inclusion in the diversity meetings.

33. Plaintiff provided a list that included African-Americans.

34. Plaintiff did not receive mentoring and/or coaching from her manager, as did her white counterparts before being placed on a PIP.

35. The other supervisors provided a list that included all white individuals.

36. None of Plaintiff suggestions were adopted.

37. There were no African Americans included in the diversity meetings.

38. Defendant did not appreciate or respect Plaintiff's views on diversity and took action to prevent her from championing the cause for diversity and fairness.

39. Plaintiff was given a team comprised almost exclusively of African-Americans, as Defendant did not want Plaintiff to supervise Caucasians.

40. Personnel decisions made by Plaintiff regarding white employees were routinely reversed.

41. To wit, Plaintiff issued corrective action to a subordinate that received a HIPAA violation. The subordinate complained to Dockum and Thorne.  Dockum reached out to Sterling Coker, Vice-President in response.  The subordinate was removed from Plaintiff's supervision and a part-time position was created for her.

42. Thorne frequently withheld key information from Plaintiff and/or failed to provide reminders stemming from supervisory meetings. Yet, she provided the same information to other supervisors working within her department.

43. On January 30, 2018, without prior warning, Plaintiff was placed on a PIP.

44. Plaintiff was not told that she was falling below performance expectations before being placed on a Performance Improvement Plan "PIP".

45. Plaintiff received numerous performance evaluations during the course and scope of her employment with Defendant .

46. Plaintiff's performance evaluations did not reflect any deficiencies identified on the PIP.

47. On May 3, 2018, Plaintiff was terminated.

48. There were at least two other white supervisors working in the department that were asked to step down from their supervisory position, as opposed to being placed on a PIP and subsequently terminated.

49. Plaintiff was not afforded the opportunity to step down in lieu of termination.

50. Plaintiff was terminated because of her race and because she promoted diversity.

51. Defendants place Plaintiff on a PIP, knowing that her reviews reflected an obvious ability to perform the duties and responsibilities of her position.

52. Plaintiff was qualified for her job as reflected by her recent and past performance reviews.

53. Plaintiff was treated much worse than similarly situated white employees with regard to the terms and conditions of employment.

54. The position once occupied by Plaintiff remined open after her termination.

55. Defendant maintains a pattern, practice, and policy of race discrimination.

56. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff based upon her, race in violation of 42 U.S.C. Section 2000(3) et seq., Title VII of the Civil Rights Act of 1964 as amended.

57. The acts and conduct described herein were intentional and were done with malice aforethought, ill will and evil intent, based on Defendant 's views of women and/or Plaintiffs gender and/or orientation.

58. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer lost wages; diminished future earnings potential; diminished training opportunities; and losses of other benefits, including decreased retirement benefits. She has experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress in the form of embarrassment, humiliation and anxiety as a result of Defendant 's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of Plaintiff and against Defendant along with an Order:

A. declaring the conduct of described herein, in violation of 42 USC §1981 et. seq. and 42 U.S.C. § 2000(3) et. Seq.;
B. Directing the Defendant to compensate the Plaintiff for all of her economic losses, including but not limited to back pay, lost benefits; compensatory damages such as and including emotional distress, front pay, and punitive damages;
C. Directing Defendant to rehire Plaintiff to a supervisory position or in the alternative, award "front pay" as allowed by law;
D. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

E.  Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT II

## AGE DISCRIMINATION

Plaintiff re-alleges paragraphs 1 through 58 hereinabove.

59. At all relevant times mentioned herein, Plaintiff was 40 years of age or older.

60. Plaintiff was qualified for the position she held.

61. Plaintiff was terminated because of her age.

62. The position held by Plaintiff remained open after her termination.

63. Plaintiff was terminated for no legitimate reason.

64. The conduct described hereinabove affects terms conditions and privileges incident to Plaintiff's employment.

65. Defendant maintains a pattern, practice, and policy of age discrimination.

66. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer lost wages; diminished future earnings potential; diminished training opportunities; and losses of other benefits, including decreased retirement benefits. She has experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress in the form of embarrassment, humiliation and anxiety as a result of Defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of Plaintiff and against Defendant along with an Order:

A. declaring the conduct of described herein, in violation of Title VII;

B.  Directing the Defendant to compensate the Plaintiff for her all economic losses, including but not limited to back pay, lost benefits; compensatory damages such as and including emotional distress, front pay, and punitive damages;

C.  Directing Defendant to promote Plaintiff to the next available managerial position to which she qualifies, without regard to her gender, age, and/or sexual orientation, or in the alternative, "front pay" as allowed by law;

D.  Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

E.  Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT III
## VIOLATIONS OF
## FAMILY MEDICAL LEAVE ACT

Plaintiff re-alleges paragraphs 1 through 66 hereinabove.

67. On December 29, 2017, Plaintiff submitted a leave of absence request to Defendant .

68. The leave request was for a serious health condition.

69. The requested leave was to begin on January 31, 2018.

70. The estimated date of return from leave was March 1, 2018.

71. Plaintiff submitted her leave request to Defendant s in accordance with its written policy.

72. The leave request was occasioned by the need for surgery.

73. On January 8, 2018, Defendant notified Plaintiff that it had reviewed her request for leave under the family and medical leave act (FMLA) along with the supporting documentation she provided.

8

74. Defendant approved the leave request with the approved leave beginning on January 31, 2018 and ending February 28, 2018. This was identified as "continuous" leave. Plaintiff was required to use paid leave for the FMLA.

75. She was required to present a request to return from medical leave of absence (fit for duty certification) as a condition of returning to work.

76. Plaintiff took the approved leave as set forth herein above.

77. One day after returning from approved FMLA leave, Plaintiff was placed on a PIP.

78. There was no legitimate for placing Plaintiff on a PIP, as she received satisfactory and/or above performance evaluations each year prior thereto.

79. Plaintiff was placed on a PIP due in part to using leave under the family medical leave act.

80. Defendant interfered with restrained and/or retaliated against Plaintiff for taking leave under the FMLA.

81. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

82. The conduct described hereinabove affects terms conditions and privileges incident to Plaintiff's employment.

83. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer lost wages; diminished future earnings potential; diminished training opportunities; and losses of other benefits, including decreased retirement benefits. She has experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental

distress in the form of embarrassment, humiliation and anxiety as a result of Defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of Plaintiff and against Defendant along with an Order:

A. Declaring the conduct of described herein, in violation of 29 USC §2615;

B. Directing the Defendant to compensate the Plaintiff for all of her economic losses, including but not limited to any and all wages, salary, employment benefits, or other compensation denied or lost as a result of the aforementioned violation, along with the interest on this amount calculated at the prevailing rate; and an additional amount as liquidated damages equal to the sum of the total amount of calculated damages;

C. Directing Defendant to rehire Plaintiff to the same or similar position she held before termination, or in the alternative, "front pay" as allowed by law;

D. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

E. Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

Respectfully submitted,

/s/ Christopher B. Bent, # 45875
Law Office of Christopher Bent, LLC
2200 West Port Plaza Drive
Suite 306
St. Louis, MO 63146
Phone: (314) 439-0287
Fax:     (314) 558-2622