UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SANDRA SAUNDERS,              )
                             )
            Plaintiff,        )
                             )
      v.                     )          No.  4:19 CV 436 CDP
                             )
MERCY HEATH,                 )
                             )
            Defendant.        )

## MEMORANDUM AND ORDER

Plaintiff Sandra Saunders brings this employment discrimination action against defendant Mercy Health alleging that Mercy terminated her employment because of her race, age, and her use of medical leave.  Mercy argues that it is not Saunders' employer, and that there is no evidence to support her claims.  I conclude that there are no genuine disputes of material fact, and the undisputed evidence shows that defendant is entitled to summary judgment on all of Saunders' claims.

## Factual Background

Saunders worked in the collections department of Mercy Health from October 2011 until May 2018.  At the time of her termination she supervised approximately two dozen collections support staffers.  Saunders took an approved

period of medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") from January 31, 2018 to February 28, 2018.  She then was approved to work from home for two weeks, and she physically returned to the office on March 12, 2018.  On March 2, 2018, Saunders was placed on a Performance Improvement Plan (PIP).  On May 3, 2018, she was terminated for allegedly failing to meet expectations outlined in the PIP.

### Legal Standards

The Court may only grant a motion for summary judgment if the evidence shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial."  *Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (citation omitted).[1]

---

[1] Defendant argues that it was not actually Saunders' employer, and that she was employed by MHM Support Services, which defendant alleges is a "subsidiary entity" of Mercy Health.  The evidence presented in the summary judgment motion is insufficient to show that anyone other

The FMLA entitles eligible employees to twelve weeks of protected leave under certain conditions.  29 U.S.C. § 2612(a)(1).  It is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights, 29 U.S.C. § 2615(a)(1), and to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA.  29 U.S.C. § 2615(a)(2).  Three types of claims arise under these subsections: interference (also called "entitlement"), retaliation, and discrimination.  *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-1006 (8th Cir. 2012).  Saunders alleges entitlement and discrimination claims under the FMLA, asserting first that a call from her supervisor towards the end of her approved leave period unlawfully deterred her from taking authorized FMLA leave, and second, that her termination was unlawfully motivated by her decision to take FMLA leave.[2]

---

than Mercy Health was plaintiff's employer: numerous documents are on Mercy letterhead and reference "Mercy's" standards or procedures, there are numerous references to the collections "department" in the documents and comparably scant discussion of any separate "MHM Support Services" entity, and Mercy's HR office ultimately approved of Saunders' termination.  These factual disputes preclude summary judgment on this issue, but defendant is nevertheless entitled to judgment on the merits of Saunders' claims.

[2] Saunders labels her second FMLA claim a "retaliation" claim, although in substance, she alleges a discrimination claim.  *See Pulczinski*, 691 F.3d at 1006 (classifying "entitlement" claims which allege retaliation as "discrimination" claims).  To the extent Saunders seeks to bring a retaliation claim, Mercy is entitled to summary judgment, as Saunders does not allege that she opposed any practice made unlawful by the FMLA.  29 U.S.C. 2915(a)(2).

3

An entitlement claim arises under § 2615(a)(1) when "'an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act.'"  *Brown v. Diversified Distribution Sys*., LLC, 801 F.3d 901, 907 (8th Cir. 2015) (quoting *Pulczinski*, 691 F.3d at 1005).  "An employer's action that deters an employee from participating in protected activities constitutes an 'interference' or 'restraint' of the employee's exercise of [her] rights."  *Stallings v. Hussmann Corp*., 447 F.3d 1041, 1050 (8th Cir. 2006) (citation omitted).  Proof of an employer's discriminatory intent is not required to establish an entitlement claim.  *Brown*, 801 F.3d at 907.  By contrast, discrimination claims arise under § 2615(a)(1) "when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA."  *Id.* at 908. (citation omitted).  The Eighth Circuit considers FMLA discrimination claims under the *McDonnell Douglas* burden-shifting framework applicable to Title VII cases.  *Pulczinski*, 691 F.3d at 1007.[3]  To establish a prima facie case of FMLA

---

[3] The *McDonnell Douglas* framework is well-settled:  Because Saunders does not identify direct evidence of discrimination, she can preclude summary judgment only if she creates an inference of discrimination by establishing a prima facie case; if she does so, the burden of production shifts to Mercy to articulate a legitimate, non-discriminatory justification for its conduct; if Mercy meets this burden, Saunders must then produce evidence sufficient to create a genuine issue of material fact showing that the proffered explanation is merely pretext for unlawful discrimination.  *See Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011).

discrimination, Saunders must show: 1) that she engaged in activity protected under the Act, 2) that she suffered a materially adverse employment action, and 3) that a causal connection existed between Saunders' action and the adverse employment action.  *See id*.; *Brown*, 801 F.3d at 908.

Race and age discrimination claims under Title VII, 42 U.S.C. § 2000d *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, are analyzed similarly to FMLA discrimination claims.  To establish a prima facie Title VII claim, Saunders must show: 1) she is a member of a protected class; 2) she was meeting her employer's legitimate expectations; 3) she suffered an adverse employment action; and 4) the circumstances give rise to an inference of discrimination.  *Young v. Builders Steel Co*., 754 F.3d 573, 577 (8th Cir. 2014) (citation omitted).  To establish a prima facie case of age discrimination, Saunders must show: 1) she is a member of the protected class of employees, at least 40 years old; 2) she was qualified to perform her job; and 3) she was replaced by a younger person.  *Bearden v. International Paper Co*., 529 F.3d. 828, 832 (8th Cir. 2008).  If Saunders establishes a prima facie case on either claim, the claim proceeds under the *McDonnell Douglas* burden-shifting framework set forth above.

## Discussion

### 1. *FMLA Claims*

Mercy is entitled to summary judgment on Saunders' FMLA entitlement
claim because there is no evidence that Mercy denied, interfered with, or otherwise
violated Saunders' rights under the FMLA.  The material facts underlying
Saunders' claim are not disputed:  Saunders received all the FMLA leave she
requested.  ECF 28-1 at 324:2 – 324:5.  However, on or around February 28, 2018,
which was the last day of Saunders' approved period of leave, Saunders'
supervisor Morgan Thorne called to confirm whether Saunders would be returning
to work in-office on March 1, 2018; Saunders replied that she would not be coming
in to the office, as she had doctor's orders to work from home until March 12,
2018; Thorne expressed confusion and initially believed Saunders was incorrect, so
she confirmed Saunders' status with the "leave unit;" Thorne called Saunders back
shortly thereafter and confirmed that Saunders was approved to work from home
until March 12, 2018.  *Id*. at 330:10 – 333:2; Thorne Dep. ECF 28-7 at ¶ 76:14 -
81:15.[4]  No further calls or comments were made regarding Saunders' FMLA leave
by Thorne or anyone else at Mercy.  ECF 28-1 at ¶ 335:21 – 336:4.

---

[4] Saunders filed a Motion to Strike the Declaration of Morgan Thorne.  I will deny the motion
because Thorne's declaration is not a "pleading," and thus not appropriately challenged by a
motion to strike.  Fed. R. Civ. P. 12(f); *see Radiance Capital Receivables Eighteen, LLC v. MBO*

The FMLA regulations "specifically permit an employer to 'require an employee on FMLA leave to report periodically on the employee's status and intent to return to work.'" *Cloke v. Fed.-Mogul Ignition Co.*, No. 318CV00006RGECFB, 2019 WL 3976324, at *8 (S.D. Iowa May 21, 2019) (citing 29 C.F.R. § 825.311(a)).  Thorne's phone calls inquiring into Saunders' post-leave plan to return to the office are insufficient as a matter of law to support an FMLA entitlement claim.  *See Massey-Diaz v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1158-60 (8th Cir. 2016) (collecting cases holding non-intrusive calls which do not require employees to complete work are non-actionable).  Saunders has presented no evidence to support her claim that Thorne's call in any way "chilled" her or any other Mercy employees from exercising their rights under the FMLA.  *See Terwilliger v. Howard Mem'l Hosp.*, 770 F. Supp. 2d 980 (W.D. Ark. 2011).  Finally, Saunders' suggestion that she was prejudiced by Thorne's call is without merit, as Thorne plainly permitted Saunders to finish her remaining period of leave and work from home through March 12,

---

*Investments, LLC,* No. 4:16-CV-1921-SPM, 2019 WL 330463, at *3 (E.D. Mo. Jan. 25, 2019). Moreover, Saunders does not identify any actual inconsistencies between Thorne's deposition testimony and her later-filed declaration, and in any event, I find that any delay in disclosing the declaration was harmless under the circumstances.  Fed. R. Civ. P. 37(c)(2).

2018.  For all these reasons, Mercy is entitled to summary judgment on Saunders'
FMLA entitlement claim.

   Mercy is also entitled to summary judgment on Saunders' FMLA
discrimination claim.  First, Saunders has not presented evidence sufficient to
create an issue of fact regarding whether there is a causal link between her use of
FMLA leave and her termination, which would be required to establish a prima
facie case of discrimination.  *Pulczinski*, 691 F.3d at 1007.  Saunders first asserts
that the issuance of the PIP one day after she returned from FMLA leave is
evidence of Mercy's retaliatory motive.  However, the Eighth Circuit "looks to the
date an employer knew of an employee's use (or planned use) of FMLA leave, not
the date it ended."  *Sisk v. Picture People, Inc*., 669 F.3d 896, 900 (8th Cir. 2012).
Assuming a PIP constitutes an adverse employment action, over two months
passed between December 29, 2017, which was the date Saunders notified Mercy
of her intent to use FMLA leave, and March 2, 2018, the date she was placed on
the PIP.  ECF 28-17.  "More than two months is too long to support a finding of
causation without something more."  *Sisk*, 669 F.3d at 901; *EEOC v. Prod.
Fabricators, Inc.*, 763 F.3d 963, 973 (8th Cir. 2014) (holding a two-month period
between plaintiff's FMLA leave request and discharge was too remote to support a
finding of causation).

Saunders attempts to bolster her prima facie case by suggesting that her "satisfactory" job performance reviews evince Mercy's retaliatory motive in placing her on the PIP.  This assertion is contradicted by the substantial and largely undisputed record evidence showing that Saunders' supervisors were concerned with numerous aspects of her job performance well before she requested FMLA leave.[5]  Several of these concerns were reflected in below-average ratings in the Annual Performance Review Saunders received three months before she requested FMLA leave.[6]  Those same concerns were then reflected in the PIP Saunders was issued upon returning from FMLA leave—along with several other issues that Thorne discovered when she temporarily assumed Saunders' job duties during her leave—and Saunders' failure to improve in those areas was referenced as one of several purported bases for her termination.[7]  "[E]vidence that the employer had

---

[5] On or around February 8, 2017, Thorne prepared a document indicating *inter alia* that Saunders was failing to monitor work queues, was becoming inappropriately defensive when asked work-related questions, and seemed unfamiliar with her subordinates' job duties.  ECF 28-11.  In late February or early March 2017, Thorne prepared an "Expectation Document" outlining specific expectations in communication, team management, and "Mercy spirit," mirroring the critiques she noted earlier in February.  ECF 28-12.  On May 15, 2017, Saunders was issued a Corrective Action Form by Thorne for not adequately monitoring her subordinates' attendance.  ECF 28-14.
[6] Saunders signed her last Annual Performance Review on September 12, 2017.  Saunders received below-average ratings in six categories, including "excellence," "bias for action," "entrepreneurial," "leader communication," "financial acumen," and "fact-based decision making."  Saunders received no individual ratings above a 3/5, and she received an overall score of 2.8/5, which fell below the expected standard of performance for Mercy employees.  ECF 28-16.
[7] Among other things, the PIP includes detailed examples of Saunders failing to meet specific job expectations in each of the six below-average categories identified in her 2017 Annual

been concerned about a problem before the employee engaged in the protected activity undercuts the significance of the temporal proximity."  *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 1001 (8th Cir. 2011).  Given the absence of evidence indicative of a retaliatory motive, Saunders has not shown any "causal link" between her FMLA leave and the adverse employment actions, entitling Mercy to summary judgment on her claim.

Moreover, even if Saunders could establish a prima facie case, she has not shown that Mercy's legitimate, non-discriminatory justification for her adverse employment actions was pretextual.  A plaintiff may establish an issue of material fact regarding pretext by "show[ing] that the employer's explanation is 'unworthy of credence . . .  because it has no basis in fact,' or 'by persuading the court that a prohibited reason more likely motivated the employer.'"  *Brown*, 801 F.3d at 909 (quoting *Torgerson*, 643 F.3d at 1047).

Mercy's proffered justification has a legitimate factual basis:  "The critical inquiry . . . is not whether the employee actually engaged in the conduct for which

---

Performance Review.  ECF 28-19.  The PIP further indicates that Saunders was still failing to monitor and track her subordinates' attendance, despite the Corrective Action issued on May 17, 2017.  *Id.*  A document prepared by Thorne preceding Saunders' termination—after weekly coaching by Thorne—suggests that Saunders' failure to improve in the areas of excellence, bias for action, entrepreneurial, and fact-based decision making, among several other specified reasons, influenced the decision to terminate her employment.  ECF 28-21 at pg. 3.

he was terminated, but whether the employer in good faith believed that the
employee was guilty of the conduct justifying discharge." *Liles v. C.S.
McCrossan, Inc*., 851 F.3d 810, 821 (8th Cir. 2017) (citation omitted).  In addition
to the detailed documentary evidence supporting the validity of Thorne's pre-
termination write-up, *see* ECF 28-21 pg. 4-9, Saunders testified that she had no
basis to question that Thorne genuinely believed the criticisms which preceded
Saunders' PIP and discharge.  *See* ECF 28-1 at 355:14 – 355:18; 395:3 – 395:6.
Saunders' disputes over the validity of some of Thorne's specific job-related
criticisms are insufficient to "create a real issue as to the genuineness of [Thorne's]
perceptions." *Edmund v. MidAmerican Energy Co.*, 299 F.3d 679, 685-86 (8th Cir.
2002).

Moreover, Saunders has not demonstrated that discrimination more likely
motivated the adverse actions.  Saunders has not presented evidence showing that
any similarly-situated employee outside of her class was treated more favorably.
*See Beasley v. Warren Unilube, Inc.*, 933 F.3d 932 (8th Cir. 2019).  Additionally,
as explained above, Saunders' sub-par annual performance review, issuance of a
Corrective Action form and expectation documents, and weekly job coaching all
belie an inference of discriminatory motive. *See Liles*, 851 F.3d at 821; *Massey-
Diaz*, 826 F.3d at 1162.  Accordingly, because Saunders has not established a

genuine issue as to whether Mercy's legitimate, non-discriminatory justification was pretext, Mercy is entitled to summary judgment for this additional reason.

### 2. *Race and Age Discrimination Claims*

Saunders does not offer any substantive response to Mercy's motion for summary judgment on her race and age discrimination claims aside from a conclusory allegation that "[h]er race and age were motivating factors for the adverse employment actions." ECF 28.  Saunders' response also alleges, for the first time and without citation to evidence, that she was "severely scrutinized during the course of her employment" because of her age and race.[8]  Assuming Saunders did not intend to abandon these claims, Mercy is entitled to summary judgment on both for the same reasons as her FMLA discrimination claim.

First, as explained above, there is no genuine dispute that Saunders was not "performing her job at a level that met her employer's legitimate expectations," and so Saunders cannot meet the second element of her prima facie race or age discrimination claims.  *Calder v. TCI Cablevision of Missouri, Inc*., 298 F.3d 723,

---

[8] Saunders' Amended Complaint contains other allegations, including that her managers were not receptive to ideas she proposed to promote diversity; that her managers excluded minority individuals from diversity meetings; that other non-minority supervisors received more coaching from managers; and that non-minority supervisors under similar circumstances were demoted rather than terminated.  As to her age discrimination claim, Saunders alleges that her age was "always the topic of discussion" in meetings, and that she is "almost sure" Thorne made a statement to the effect that Saunders was unfamiliar with Facebook.  ECF 28-1 at 313:5 – 313:9; 317:9 - 320:21.

729 (8th Cir. 2002).  Second, even assuming Saunders could establish a prima facie case on either claim, she has not shown that Mercy's proffered justifications for her placement on a PIP and subsequent discharge—namely, her failure to become informed of her subordinates' job duties and update procedural 'tip sheets,' her failure to identify and propose solutions for systemic issues in work queues, and her failure to efficiently prioritize her subordinates' job duties—were fabricated, disingenuous, or otherwise pretextual.

As there are no remaining issues,

**IT IS HEREBY ORDERED** that defendant Mercy Health's Motion for Summary Judgment [ECF 27] is **GRANTED** on all of plaintiff's claims.

**IT IS FURTHER ORDERED** that plaintiff Sandra Saunders' Motion to Strike the Declaration of Morgan Thorne [ECF 32] is **DENIED**.

An appropriate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2020.